# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TASHA MERKEL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP,<br><br>　　　　　Defendant. | Case No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Tasha Merkel, by and through her attorneys, brings this civil action for damages against the above-named Defendant, Wal-Mart Stores East, LP, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*. ("ADAAA"), and 28 U.S.C. §§1331 and 1343.

2. Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

3. Venue is also proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. § 2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

## THE PARTIES

4. Plaintiff, Tasha Merkel (hereinafter "Ms. Merkel"), is an adult female residing at 153 Bendick Court, Little River, Horry County, South Carolina.

5. Defendant, Wal-Mart Stores East, LP (hereinafter referred to as "Defendant") is a Delaware corporation and maintains its headquarters at 702 SW 8th Street, Bentonville, Benton County, Arkansas. Defendant operates a nationwide chain of retail stores; pertinently, Defendant operates the Walmart located at 1730 Lincoln Way East, Chambersburg, Franklin County, Pennsylvania.

6. At all times relevant and material hereto, Defendant was an employer as defined in the ADAAA.

## ADMINISTRATIVE PROCEEDINGS

7. On or about May 28, 2020, Ms. Merkel filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Charge No. 530-2020-03920, with instruction to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission ("PHRC") for purposes of being dual filed with the PHRC.[1]

8. Ms. Merkel has been advised by the EEOC of her right to sue in Federal court, which notice was received on or about February 8, 2021.

---

[1] Plaintiff intends on amending her Complaint on or after May 28, 2021 to add claims under the Pennsylvania Human Relations Act, which cannot be filed until one year after the date of her original administrative filing.

9. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

10. On or about June 5, 2014, Ms. Merkel was hired by Defendant as an Asset Protection Associate; she was thereafter promoted to Asset Protection Manager in 2015 and then to Co-Manager in 2018.

11. On or about July 20, 2019, Ms. Merkel transferred to Co-Manager at Defendant's location in Chambersburg, Franklin County, Pennsylvania, which position she held at all times material hereto.

12. As a salaried Co-Manager, Ms. Merkel was eligible for both paid time off ("PTO") and leaves of absence ("LOAs").

13. Per the operations of Defendant's Chambersburg location, Ms. Merkel was not subject to an official attendance policy for the use of her PTO, she simply needed to provide her Manager, Amanda Rhinehammer, or her fellow Co-Manager with as much notice as she could, including notice after the fact.

14. Ms. Merkel was, however, required to apply for LOAs, subject to Defendant's review and approval.

15. In or about October of 2019, as a result of suffering from severe and disabling depression and anxiety, Ms. Merkel was unable to report to work and instead, checked herself into the hospital for treatment.

16. Upon her release from the hospital, Ms. Merkel applied for an emergency LOA, which was approved under Defendant's policies and the Family Medical Leave Act ("FMLA").

17. While on leave in approximately November 2019, Ms. Merkel began making requests for transfer within Defendant's expansive corporate structure on the recommendation of her treating psychiatrist.

18. These requests included applications for non-salaried demotions, for which an exception would be required under Defendant's policies.

19. With each request that Ms. Merkel filed, she explained that the transfer was required as an accommodation for her disability as recommended by her treating physician.

20. Each request made by Ms. Merkel was either denied or ignored and she did not at any time receive any notice from Defendant that her requests were otherwise being considered.

21. Ms. Merkel returned to work in approximately January 2020 under a reduced work shift to accommodate her disabilities of anxiety and depression.

22. On or about February 17, 2020, Ms. Merkel suffered a second occurrence of her severe depression and anxiety, which would necessitate another LOA.

23. At the time of this occurrence, Ms. Merkel was eligible for both PTO and another LOA.

24. Ms. Merkel attempted to notify Ms. Rhinehammer of her need to use PTO for her shift on February 17th, but as Ms. Rhinehammer was unavailable, Ms. Merkel instead notified a Co-Manager.

25. Ms. Merkel notified Ms. Rhinehammer on February 18, 2020, of her need to use PTO for her shift that day.

26. On or about February 19, 2020, Ms. Merkel notified Ms. Rhinehammer that she was not sure when she would be able to return to work.

27. As a result of her disabilities, Ms. Merkel was unable to report to work until February 24, 2020.

28. Despite being fully aware of Ms. Merkel's disabilities and the effects thereof and having been informed of Ms. Merkel's use of PTO, per Defendant's policy, Ms. Rhinehammer terminated Ms. Merkel upon her return to work.

29. Granting Ms. Merkel time off using PTO would have been a reasonable accommodation under the ADAAA.

30. Defendant's discrimination based upon Ms. Merkel's disabilities, including its refusal to grant her requests for reasonable accommodation in the form of a transfer or demotion, and her termination, violated Ms. Merkel's rights under the ADAAA.

## COUNT I

### VIOLATIONS OF THE ADAAA
### Disability Discrimination

31. All prior paragraphs are incorporated herein as if set forth fully below.

32. Ms. Merkel is within the protected class of individuals as designated by the ADAAA, because she has the disabilities of severe anxiety and depression, which affect her ability to work, think, concentrate and interact with others.

33. At all times material hereto, Ms. Merkel was able to perform all the necessary job duties of a Co-Manager at Defendant's Chambersburg location with the reasonable accommodation of being permitted to use her PTO in order to address her disabilities.

34. Insofar as Ms. Merkel was unable to perform the necessary job duties of Co-Manager, Defendant violated the ADAAA by failing to engage in an ongoing interactive process with Ms. Merkel in regards to her multiple requests for transfer and/or demotion in order to accommodate her disabilities.

35. At all times material hereto, Ms. Merkel was well qualified for all of the alternative positions and/or demotions for which she had applied as a reasonable accommodation of her disabilities.

36. Furthermore, Ms. Merkel was able to perform all the necessary job duties of the alternative positions and/or demotions for which she had applied.

37. Defendant further violated the ADAAA by refusing to allow Ms. Merkel to apply for a second emergency LOA upon her recovery and return to work on February 24, 2020.

38. Defendant further violated the ADAAA and committed illegal discrimination by terminating Ms. Merkel on the basis of her disabilities.

39. The illegal discrimination is based on whole or on part upon Ms. Merkel's disabilities.

40. As a direct and proximate result of Defendant's conduct in violating the ADAAA in discriminating against Ms. Merkel on the basis of her disabilities, Ms. Merkel has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Tasha Merkel, respectfully requests that the Court declare that the conduct of Defendant, Wal-Mart Stores East, LP, violated Plaintiff's rights under the Americans With Disabilities Act and award all compensatory damages, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, punitive damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress,

reasonable attorneys fees and costs incurred herein and any pre and/or post judgment interest on all money awarded in damages for delay.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

                                             Respectfully submitted,

                                             McCarthy Weisberg Cummings, P.C.

Dated: <u>April 23, 2021</u>            <u>*/s/ Steve T. Mahan*</u>
                                             Steve T. Mahan (PA 313550)
                                             smahan@mwcfirm.com

                                             <u>*/s/ Larry A. Weisberg*</u>
                                             Larry A. Weisberg (PA 83410)
                                             lweisberg@mwcfirm.com

                                             <u>*/s/ Derrek W. Cummings*</u>
                                             Derrek W. Cummings (PA 83286)
                                             dcummings@mwcfirm.com

                                             2704 Commerce Drive, Suite B
                                             Harrisburg, PA 17110
                                             (717) 238-5707
                                             (717) 233-8133 (FAX)
                                             *Counsel for Plaintiff*